No. 639

EQUITABLE LIFE ASSURANCE SOC. v. O'NEILL

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 743. Decided May 7, 1927.

851. NOTICE — 647. Insurance—1. Evidence that notices as to payment of insurance premiums were not received is evidence tending to prove that notices were not sent.

2. Where insurance application which provides for giving notice in regard to premiums is made part of policy, failure of main policy to provide for such notice does not relieve company of liability to notify.

Error to Common Pleas. Judgment affirmed.
First Publication of this Opinion

BY THE COURT.

Two actions were brought by the benficiary, Luella May O'Neil, against The Equitable Life Assurance Society, to recover upon two different policies, one for $10,000 and the other for $5,000 upon the life of her husband, Harry S. O'Neill.

The case upon the $10,000 policy was tried and resulted in a verdict for plaintiff. This verdict was set aside upon the weight of the evidence as to whether notices were sent to Harry S. O'Neill, in his lifetime, for the premium due in June, 1923.

When the case was ready for the second trial, the two cases were consolidated, and this trial resulted in a general verdict for plaintiff for the full amount of both policies, after deducting the amount of the unpaid assessments. Error is prosecuted to this court on the weight of the evidence.

It is claimed on behalf of the Company that the court erred in holding that notices by the company to the assured were required under the policy. We are of opinion that the trial court properly held that the company was bound to give notice to the assured. It is true that the main policy does not so provide, but a fair construction of the application which is made a part of the policy, imposed this duty upon the company. It is also claimed that the undisputed evidence showed that the company sent notices to the assured as to the payment of the premium due in June of 1923, and that the mere fact that evidence was offered by the plaintiff tending to prove that such notices were not received does not dispute the essential fact that the notices had been sent. On this proposition we are of the opinion that evidence tending to prove that the assured did not receive the notices tended also to dispute the fact that the notices were sent.

Judgmen affirmed.

(Ferneding, Kunkle and Allread, JJ., concur).

Attorneys—Munger & Kennedy for Company; Marshall & Harlan for O'Neil; all of Dayton.